# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | | |
|---|---|---|
| T.B., by his next friend ant mother, SHERRI JAMES, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 4:17-CV-695-DGK |
| OFFICER PETER NEUKIRCH, et al. | ) ) | |
| Defendants. | ) | |

## ORDER PROTECTING CONFIDENTIAL DOCUMENTS

Now before this Court is the parties' Joint Motion for a Protective Order (Doc. 10). Upon due consideration, the motion is hereby GRANTED.

IT IS HEREBY ORDERED THAT:

As used in this Order, CONFIDENTIAL MATERIAL shall mean and refer to the following:

(1) citizen complaint files;

(2) personnel and disciplinary files;

(3) medical records;

(4) Records, documents, photographs, recordings, and other material from the Jackson County Family Justice Center;

(5) any documents, including but not limited to deposition transcripts, pertaining to the foregoing files described in subparagraphs (1) through (4) of this order.

All CONFIDENTIAL MATERIAL shall be retained only in the custody of the respective counsel of record, who shall be responsible for restricting disclosure in accordance with the

provisions of this Order. Specifically, counsel of record shall retain all CONFIDENTIAL MATERIAL within the confines of his/her personal offices except as is necessary to conduct the present litigation.

All CONFIDENTIAL MATERIAL and the facts and information in the CONFIDENTIAL MATERIAL shall not be disclosed to any person except as specifically provided for below.

All CONFIDENTIAL MATERIAL shall be designated as CONFIDENTIAL MATERIAL by marking the words "CONFIDENTIAL MATERIAL" or some similar phrase on the face of the documents.

Access to CONFIDENTIAL MATERIAL shall be limited to counsel of record for the respective parties to this action and regular employees and law clerks of said counsel who are assisting in the prosecution of this litigation, expert witnesses identified by any party, consulting experts, and appropriate court personnel in the regular course of litigation.

Disclosure of the CONFIDENTIAL MATERIAL to the parties of this litigation and/or to any other persons other than counsel of record in accordance with the terms of this Protective Order must be accompanied by a copy of this Protective Order, and counsel must inform said person(s) of the terms of this Protective Order, and said person(s) agrees to be bound by its terms.

If it becomes necessary to submit CONFIDENTIAL MATERIAL to the Court in connection with any filings or proceedings in this litigation, the party using it shall move the Court to file such CONFIDENTIAL MATERIAL under seal with the Clerk of the Court.

Nothing in this Order shall be construed to restrict the use or disclosure of any documents which a party or non-party shall have acquired from independent sources.

Upon final conclusion of this litigation, counsel to whom CONFIDENTIAL MATERIAL has been disclosed shall return such CONFIDENTIAL MATERIAL, (and all copies thereof and all other papers containing such CONFIDENTIAL MATERIAL) to the party which produced it, or take measures to destroy copies of said CONFIDENTIAL MATERIAL.

In addition to the above, the Kansas City Missouri Police Department shall be permitted to redact dates of birth, social security numbers, personal phone numbers and personal addresses of any and all individual police officers, and the names, addresses, phone numbers, dates of birth, social security numbers, and other personal information of a family member of a police officer, and shall not be required to produce or identify dates of birth, social security numbers, or personal phone numbers or addresses of police officers or their family members.

This Order may be modified or amended by agreement of the parties or upon further Order of the Court.

**IT IS SO ORDERED.**

Date: November 14, 2017              /s/ Greg Kays
                                     GREG KAYS, CHIEF JUDGE
                                     UNITED STATES DISTRICT COURT