**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION**

| | | |
|---|---|---|
| TYREE BELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:17-CV-00695-DGK |
| | ) | |
| PETER NEUKIRCH, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER DENYING MOTION FOR LEAVE TO SUPPLEMENT RULE 26 DISCLOSURES

This case arises out of Plaintiff Tyree Bell's arrest and detention for a crime he did not commit. Plaintiff sued multiple members of the Kansas City, Missouri, Police Department involved in his arrest, including Officers John Munyan and Peter Neukirch, as well as KCPD Police Chief Richard Smith and individual members of the Missouri Board of Police Commissioners for violating his Fourth and Fourteenth Amendment rights. Discovery in this case closed on August 24, 2018. Scheduling Or., ECF No. 13.

On March 21, 2019, the Court granted summary judgment in favor of all defendants. ECF No. 81. On October 28, 2020, the Eighth Circuit Court of Appeals reversed the Court's grant of summary judgment as to Officers Munyan and Neukirch, holding that the officers were not entitled to qualified immunity on Plaintiff's claims for wrongful arrest and wrongful detention. *Bell v. Neukirch*, 979 F.3d 594 (8th Cir. 2020). The remaining claims are set for a five-day trial beginning on October 4, 2021. ECF No. 92.

Now before the Court is Plaintiff's Motion for Leave to Supplement Rule 26 Disclosures. ECF No. 93. Plaintiff filed this motion on August 19, 2021. *Id.* Plaintiff seeks to add his younger twin siblings, Ka'Moree James and Ka'Moreeaun James, as individuals likely to have discoverable

information so they may testify at trial.  Suggestions in Supp., ECF No. 94.  Plaintiff argues this is necessary because Plaintiff's mother, Sherri Tarae James, passed away on October 18, 2019, while the Court's grant of summary judgment was on appeal.  *Id.*  Plaintiff intended to have Sherri James testify at trial, and Defendants previously deposed her.  *See* Notice, ECF No. 49.

Parties must make pretrial disclosures within the timeframe ordered by the Court, Fed. R. Civ. P. 26(a)(3)(B), and must supplement pretrial disclosures "in a timely manner," Fed. R. Civ. P. 26(e)(1)(A).  Failure to disclose a witness as required by Rules 26(a) and (e) means that a party may not use that witness at trial, "unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1).  The Court has discretion to determine whether Plaintiff's failure to disclose the proposed witnesses is substantially justified or harmless.  *Vanderberg v. Petco Animal Supplies Stores, Inc.*, 906 F.3d 698, 704 (8th Cir. 2018).

Plaintiff argues the Court should consider 1) the prejudice or surprise to Defendants, 2) the ability of Defendants to cure the prejudice, 3) the extent to which introducing the testimony would disrupt the trial, and 4) whether Plaintiff's failure to disclose the witnesses was willful or the result of bad faith.  Suggestions in Supp. at 4, ECF No. 94 (quoting *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 953 (10th Cir. 2002)).  Plaintiff argues that Defendants should not be surprised by the late addition because Plaintiff requested Defendant's consent to supplement the Rule 26 disclosures on August 6, 2021, and to the extent Defendants will be prejudiced, this can be cured by Defendants deposing the proposed witnesses.  *Id.* at 5.

While there is no indication of bad faith, willfulness, or that the testimony would disrupt the trial, the Court nonetheless concludes Plaintiff's failure to disclose Ka'Moree and Ka'Moreeaun James is not substantially justified or harmless.  Plaintiff's mother passed away in 2019, and the Eighth Circuit reversed the Court's grant of summary judgment on October 28, 2020.

2

However, Plaintiff did not indicate that he desired to supplement his Rule 26 disclosures until 59 days before trial, and did not file this motion until 46 days before trial. Likewise, Defense counsel states that, since it is preparing for this trial as well as others, it is unable to depose Ka'Moree and Ka'Moreeaun before October 4.[1] Even if Defense counsel were able to depose them, they do not have any time to conduct any follow-up investigation if they learn anything of great import during the deposition.

Plaintiff's motion for leave to supplement his Rule 26 disclosures is DENIED.

**IT IS SO ORDERED.**

Dated:  September 14, 2021          /s/ Greg Kays
                                    GREG KAYS, JUDGE
                                    UNITED STATES DISTRICT COURT

---

[1] Defense Counsel notes that this was the case when Plaintiff first requested consent to supplement his Rule 26 disclosures on August 6.